**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HOWARD COHAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| ML NORTHPOINT HOLDING LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant ML NORTHPOINT HOLDING LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.       This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.       Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3.       Plaintiff is a resident of Palm Beach County, Florida.

4.      Defendant ML NORTHPOINT HOLDING LLC is a foreign limited liability company with its registered office located at 10975 Georgia Lane, Atlanta, GA, 30022.

5.      Upon information and belief, Defendant ML NORTHPOINT HOLDING LLC owns or operates "Hilton Garden Inn Atlanta Northpoint" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8.      Plaintiff suffered from these disabilities during his initial visit (and prior to instituting this action) to "Hilton Garden Inn Atlanta Northpoint."

9.      Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10.      Plaintiff's condition is degenerative and occasionally requires mobility aids to assist his movement.

11.     Plaintiff regularly travels to the Alpharetta, Georgia area to visit friends and shop. Most recently, Plaintiff was in the Alpharetta, Georgia area in January 2023 and plans to return to the area in April 2023.

12.     Plaintiff stays at hotels when he is in the area.

13.     Plaintiff does not always stay at the same hotel, but prefers to shop around for the best prices, amenities, location, and ease of access to accommodate his disabilities.

14.     Plaintiff regularly experiences barriers to access relating to his disabilities at hotels due to his frequent travels.

15.     While many hotels advertise that they have accessible rooms or public areas, Plaintiff still regularly encounters barriers to access.

16.     This requires Plaintiff to visit hotels that offer the amenities, pricing, and location he desires prior to booking a stay to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17.     Despite advertising that the Hilton Garden Inn Atlanta Northpoint is accessible, Plaintiff encountered barriers to access at the Alpharetta Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on June 9, 2021 and January 7, 2023.

18.     Plaintiff is currently deterred from considering the Facility as an option for lodging on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19.     Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20.     Plaintiff returns to every Facility after being notified of remediation of the

discriminatory conditions to verify compliance with the ADA and regularly monitors the status

of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21.     Plaintiff incorporates the above paragraphs by reference.

22.     This Court is empowered to issue a declaratory judgment regarding: (1)

Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions

of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility;

and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23.     Plaintiff seeks an order declaring that he was discriminated against on the basis of

his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24.     Plaintiff incorporates the above paragraphs by reference.

25.     The Alpharetta Facility is a place of public accommodation covered by Title III of

the ADA because it is operated by a private entity, its operations affect commerce, and it is a

hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26.     Defendant is a public accommodation covered by Title III of the ADA because it

owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§

12181(7), 12182(a); 28 C.F.R. § 36.104.

27.     Architectural barriers exist which deny Plaintiff full and equal access to the goods

and services Defendant offers to non-disabled individuals.

4

28.    Plaintiff personally encountered architectural barriers on June 9, 2021 and January 7, 2023, at the Alpharetta Facility located at 10975 Georgia Ln Alpharetta, GA 30022, that affected his disabilities:

    a.  Passenger Drop Off Area:

        i.  Failing to provide a passenger loading zone with an access aisle marked with striping in violation of sections 209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 of the Standards, which requires Plaintiff to park his vehicle further than necessary from the Facility and walk an excessive distance, thereby causing pain in his back, neck and shoulders.

    b.  Men's Restroom

        i.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates the rotator cuff injury in Plaintiff's shoulder and causes undue strain on his back because the door pressure is too heavy.

        ii.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates the rotator cuff injury in Plaintiff's shoulder and causes undue strain on his back because the door pressure is too heavy.

        iii.  Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309,

309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which prevents Plaintiff

from safely grasping the operable part and causes strain on Plaintiff's hand

and shoulder injuries.

iv.  Providing sinks and/or countertops that are greater than the 34-inch maximum

allowed above the finished floor or ground in violation of sections 606 and

606.3, which causes undue pressure on Plaintiff's shoulder and makes it

unsafe for him to use.

v.  Failing to provide the proper insulation or protection for plumbing or other

sharp or abrasive objects under a sink or countertop in violation of sections

606 and 606.5 of the Standards, which prevents proper balance and causes

Plaintiff difficulty when trying to reach under the sink.

vi.  Failing to provide the proper spacing between a grab bar and an object

projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the

Standards, which prevents Plaintiff from grasping the grab bar due to his hand

and shoulder injuries, and therefore strains his back and knee injuries as he

needs the grab bars for assistance getting onto and off of the toilet.

vii. Failing to provide toilet paper dispensers in the proper position in front of the

water closet or at the correct height above the finished floor in violation of

sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff

difficulty reaching the toilet paper dispenser and aggravates his rotator cuff

injury in his shoulder.

      viii.    Failing to provide a coat hook that was previously positioned properly but is no longer in place for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back and shoulder injuries because a coat hook is not provided at the proper reach ranges for a person with a disability.

      ix.  Failing to provide a soap dispenser, hand sanitizer or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which aggravates Plaintiff's rotator cuff injury in his shoulder.

      x.   Failing to provide the correct height for a table surface or for a baby changing table, in violation of sections 902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards, which aggravates Plaintiff's back and knee injuries when trying to use the baby changing table.

      xi.  Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which aggravates Plaintiff's rotator cuff injury in his shoulder.

      xii. Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

   c.  Outdoor Seating:

i.  Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of sections 902, 902.2, 305 and 306 of the Standards, which aggravates Plaintiff's leg and back injuries by preventing him from extending his legs without obstruction while being able to utilize the table surface

ii.  Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of sections 226, 226.1, 902, 305 and 306 of the Standards, which requires Plaintiff to utilize seating that is unsafe and painful for him to use due to his leg and back injuries.

d.  Access Aisle to Parking:

i.  Providing pathways and surfaces that are uneven in violation of sections 206, 206.1, 206.2, 206.2.2, 303 and 403.4 of the Standards, which aggravates Plaintiff's back and leg injuries and makes it unsafe for him to use.

29.   These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

30.   Defendant has failed to remove some or all of the barriers and violations at the Facility.

31.     Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33.     It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     declare that the Facility identified in this Complaint is in violation of the ADA;

B.     declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C.     enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.      award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.      grant any other such relief as the Court deems just and proper.


                                        Respectfully Submitted,

                                        /s/ Barry Debrow Jr.
                                        **BARRY DEBROW JR.**
                                        Attorney at Law
                                        Strickland Debrow LLP
                                        246 Bullsboro Dr. Suite | A |
                                        Newnan, GA. 30263
                                        Phone: (470) 683-4403
                                        bdebrow@Stricklanddebrow.com
                                        Georgia Bar Number 445097


Dated: February 9, 2023